ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ÁNGEL M. LLAVONA FOLGUERA<br><br>Apelante<br><br>v.<br><br>ANTULIO "KOBBO" SANTARROSA A/K/A "LA COMAY" Y OTROS<br><br>Apelados | TA2025AP00508 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: PO2024CV02890<br><br>Sala: 302<br><br>Sobre: Libelo, Calumnia o Difamación |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de junio de 2026.

Compareció Ángel M. Llavona Folguera (en adelante, "Juez Llavona Folguera" o "apelante"), mediante recurso de *Apelación Civil* presentado el 1 de noviembre de 2025. Nos solicita que revoquemos la *Sentencia* que emitió el Tribunal de Primera Instancia, Sala Superior de Guayama, el 26 de septiembre de 2025, notificada el día 30 del mismo mes y año.[2] En dicho dictamen, el foro de instancia declaró Con Lugar la *Moción Solicitando la Desestimación de la Demanda en cuanto a Liberman Media Group, LLC (H/N/C Teleonce)* que presentó Liberman Media Group, LLC, (en adelante, "Liberman" o "apelado") y, en consecuencia, desestimó la *Demanda Enmendada* sobre libelo, calumnia o difamación que presentó el apelante en contra de dicha parte.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.
[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 76.

Por los fundamentos que esbozamos a continuación, confirmamos la *Sentencia* apelada.

**-I-**

El 5 de octubre de 2024, el Juez Llavona Folguera presentó una *Demanda* sobre libelo, calumnia o difamación contra el Sr. Antulio "Kobbo" Santarrosa a/k/a "La Comay", (en adelante, "señor Santarrosa" o "apelado"), el Canal 11 y/o TeleOnce y/o Univision Puerto Rico y/o Univision Network Puerto Rico Production LLC y/o Univision of Puerto Rico Inc., y/o Liberman Media Group LLC, Yan Ruiz y otros demandados desconocidos.

En su escrito, alegó que los días 5 y 9 de octubre de 2023, el señor Santarrosa, junto a Yan Ruiz (en adelante, "señor Ruiz") emitieron unas expresiones difamatorias contra su persona en el programa "La Comay" que difunde el Canal 11. Sostuvo que dichas manifestaciones son falsas, hechas con malicia real, con el fin de menospreciarle, descreditarle y deshonrarle, lo que le ha causado daños a su reputación y posición social en la comunidad, además de provocarle sufrimiento y angustias mentales, para lo cual exigió una compensación no menor de dos millones de dólares ($2,000.000.00).

Después de múltiples trámites procesales, que incluyeron enmiendas al reclamo sometido, Liberman solicitó la desestimación de la causa, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.[3] Expuso que la acción incoada era improcedente, pues esta adolecía de deficiencias fundamentales. Sobre este particular, argumentó que las alegaciones carecían de precisión y especificidad, por lo que no cumplía con los requisitos esenciales que establecen las Reglas de Procedimiento Civil. Adujo, además, que estas eran genéricas, hipotéticas y concluyentes, y que

---

[3] SUMAC-TPI, entrada núm. 35.

no constituían imputaciones directas de actos difamatorios. Por último, afirmó que estas estaban protegidas por la doctrina de hipérbole retórica. Por tanto, concluyó que la *Demanda* carecía de base legal y fáctica que justificara la concesión de algún remedio.

El 6 de abril de 2025, el apelante se opuso a la petición de desestimación de Liberman.[4] En esta, reiteró los planteamientos esbozados en su *Demanda Enmendada* y, añadió, que sus alegaciones establecen una reclamación plausible que justifica la concesión de un remedio. Aclaró que es una persona privada, a los fines de establecer el *quantum* de prueba requerido en los casos de difamación; y que la figura de hipérbole retórica no aplica a su caso.

En respuesta a su oposición, Liberman presentó una *Réplica a "Moción en Oposición a 'Moción Solicitando la Desestimación de la Demanda en cuanto a Liberman Media Group, LLC (H/N/C Teleonce)'"*, en la que sostuvo que los jueces se consideran figuras públicas por causa de su profesión.[5] Además, tras examinar las alegadas expresiones difamatorias, aseguró que estas no son difamatorias y están cobijadas por el derecho a la libertad de expresión y de prensa, y a la doctrina de hipérbole retórica.

El 24 de mayo de 2025, el apelante ripostó mediante una *Moción en Reacción a "Réplica a "Moción en Oposición a 'Moción [...]'"*.[6] Sostuvo que su profesión no es, por sí solo, el único factor a considerar para determinar que si es una figura pública o no. Entiende que es prematuro llegar a esa conclusión sin que se pase prueba en el juicio.

No obstante, mediante una *Duplica a "Moción en Reacción a "Réplica a "Moción en Oposición [...]"*, Liberman insistió en que el

---

[4] *Id.*, entrada núm. 43.
[5] *Id.*, entrada núm. 48.
[6] *Id.*, entrada núm. 60.

apelante es un funcionario público, al que le aplica el estándar de prueba de malicia real para los casos de difamación.[7]

Después de evaluar las posiciones de las partes y sus argumentos, el foro de instancia emitió la *Sentencia* apelada, en la que declaró Ha Lugar la solicitud de desestimación presentada por Liberman. Por consiguiente, ordenó la desestimación de la *Demanda Enmendada* en cuanto a Liberman.[8]

En desacuerdo con lo resuelto, el apelante presentó una *Moción en Solicitud de Reconsideración*, en la que nuevamente reiteró sus alegaciones de la *Demanda Enmendada*, y concluyó que las alegaciones no difieren en su contenido respecto a las expresiones que hizo el señor Santarrosa y el señor Ruíz en el programa "La Comay". Por tanto, aseguró que estas contienen los hechos concretos y plausibles que satisfacen el requisito jurisprudencial de especificidad.[9]

El 17 de octubre de 2025, el tribunal primario decretó no ha lugar a la solicitud de reconsideración.[10]

Aún inconforme, el apelante acudió ante este tribunal intermedio mediante el recurso de epígrafe, en el que señaló como único error el siguiente:

> ERRÓ CRASAMENTE EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA (TPI), SALA DE GUAYAMA, AL DESESTIMAR LA DEMANDA AL APLICAR INDEBIDAMENTE UN ESTÁNDAR PROBATORIO EN ETAPA DE ALEGACIONES, SIN PERMITIR DESCUBRIMIENTO DE PRUEBA, CUANDO INDUDABLEMENTE LAS ALEGACIONES PRESENTADAS CONTENÍAN HECHOS Y ALEGACIONES CONCRETAS Y PLAUSIBLES QUE SATISFACÍAN EL REQUISITO JURISPRUDENCIAL DE ESPECIFICIDAD.

---

[7] *Id.*, entrada núm. 62.

[8] Conviene mencionar, que el 14 de marzo de 2025, el foro de instancia emitió una *Sentencia Parcial* en la que archivó, con perjuicio, la acción instada por el apelante contra Univision. *Id.*, entrada 32. De igual modo, el 20 de mayo de 2025, el tribunal *a quo* desestimó, sin perjuicio, la causa instada contra el señor Ruiz. *Id.*, entrada 56. Ese mismo día, emitió otra *Sentencia Parcial* archivando, sin perjuicio, la acción presentada por Liberman contra Concepción TV, LLC h/n/c/ "La Comay". *Id.*, entrada 57.

[9] *Id.*, entrada núm. 81.

[10] *Id.*, entrada núm. 82.

**-II-**

**A. Difamación**

La Constitución de Puerto Rico dispone que "[t]oda persona tiene derecho a la protección de ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar". Const. PR, Art. II, Sec. 8, LPRA Tomo 1. De tal disposición surge la protección a un ciudadano contra la difamación, la cual es definida como aquella acción de "[d]esacreditar a una persona publicando cosas contra su reputación". *Pérez v. El Vocero de PR,* 149 DPR 427, 441 (1999).

En nuestro ordenamiento jurídico, las acciones de difamación plantean la necesidad de balancear entre: (1) el derecho a la intimidad de los individuos, y (2) el derecho a la libre expresión y la libertad de prensa, que comprende el interés del Pueblo en fomentar el debate vigoroso sobre cuestiones de interés público. *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 795 (2020). Además, la reclamación por difamación tiene dos vertientes, a saber: libelo y calumnia. Por un lado, el libelo se conoce como la difamación maliciosa que se realiza contra una persona por cualquier medio escrito de comunicación, que tienda a exponerle a ser desacreditada, deshonrada o menospreciada. 32 LPRA sec. 3142. De otra parte, la calumnia trata de una expresión difamatoria oral, la cual se debe configurar junto a los otros elementos de la causa de acción. 32 LPRA sec. 3143; *Ojeda v. El Vocero de PR,* 137 DPR 315, 326 (1994).

Los elementos constitutivos de la causa de acción por difamación dependerán, en primera instancia, de si el demandante es una persona privada o una figura pública. *Ojeda v. El Vocero de PR,* supra, pág. 329. En Puerto Rico, la acción por difamación en cuanto a funcionarios y figuras públicas se considera como una acción torticera intencional, mientras que cuando el perjudicado es

una persona privada se considera como una acción de daños y perjuicios fundamentados en negligencia. *Id.* Esto es, para que una persona privada tenga éxito en su causa de acción por libelo, deberá probar: (1) que la información difamatoria publicada es falsa; (2) que la publicación se hizo de forma negligente; y (3) que su publicación le causó daños reales. *Pérez v. El Vocero de PR,* supra, pág. 442; *Villanueva v. Hernández Class,* 128 DPR 618, 642 (1991).

Sin embargo, cuando se trata de un funcionario o figura pública, se le requiere al demandante demostrar, además, que la información fue publicada con malicia real, es decir, a sabiendas de que era falsa o con grave menosprecio de si era falsa o no. *Villanueva v. Hernández Class,* supra, 642. También, la malicia real no puede presumirse, por lo que el estándar de prueba es de clara, robusta y convincente. *Colón, Ramírez v. Televicentro de PR,* 175 DPR 690, 725 (2009). La malicia real debe surgir de hechos específicos. *Garib Bazain v. Clavell,* 135 DPR 475, 482-484 (1994). No basta alegar que la publicación fue maliciosa. *Id.* "Tiene que existir 'prueba suficiente que permita concluir que el demandado abrigaba serias dudas sobre la certeza de la información'". *Id.*, pág. 485.

En cambio, la negligencia ha sido definida como la falta del debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias. *Colón, Ramírez v. Televicentro de PR,* supra, pág. 706-707.

En lo aquí pertinente, cuando hablamos de las personas públicas debemos señalar que entre estas existen varias subcategorías. *Gómez Márquez et al. v. El Oriental,* supra. Las más reconocidas son **los funcionarios públicos y las figuras públicas**. *Id.* Podemos distinguir un funcionario público de una figura pública

por el cargo que ocupa, mientras que, en la segunda, por su notoriedad en la sociedad. *Id.*, pág. 796.[11]

Ahora bien, no a todo funcionario público le aplica el *quantum* de prueba de malicia real, pues existen empleados públicos que no son considerados como funcionarios públicos. *Id.* Es decir, para propósitos del estándar de malicia real, "la designación de funcionario público aplica a aquellos que en la jerarquía gubernamental tienen, o aparentan tener, responsabilidad sustancial o control sobre las ejecutorias del gobierno". *Id.*, pág. 797.

Así, en el caso de *Zequeira Blanco v. El Mundo*, 106 DPR 432, 435 (1977), el Tribunal Supremo de Puerto Rico, reconoció que los jueces son funcionarios públicos, que se rigen por el *quantum* de prueba de malicia real.

Por otro lado, al momento de evaluar el tipo de expresión que está sujeta a una acción de difamación, "es necesario mirar más allá del significado literal de las palabras para establecer el mensaje comunicado". *Garib Bazain v. Clavell*, supra, pág. 486. De acuerdo con la doctrina de la hipérbole retórica, una expresión presuntamente difamatoria "no es accionable si se utiliza en sentido figurativo, flexible y no necesariamente por su significado literal". *Id.* Así pues, "'el uso exagerado de la retórica' no le quitará a la expresión la protección de la Primera Enmienda, aunque en un sentido la expresión envuelva falsedad a sabiendas". *Id.*

Igual sucede con las expresiones humorísticas. Ya sea en forma de sátira, parodia, chistes, etc., el humor sirve "una función dual al entretener y servir de crítica social simultáneamente". *Id.*, págs. 487-488. Bajo este tipo de expresión, también se encuentra la

---

[11] Para determinar si una persona es figura pública debemos examinar los siguientes rasgos: "1) especial prominencia en los asuntos de la sociedad, 2) capacidad para ejercer influencia y persuasión en la discusión de asuntos de interés público y 3) participación activa en la discusión de controversias públicas específicas con el propósito de inclinar la balanza en la resolución de las cuestiones envueltas". *Garib Bazain v. Clavell*, supra, pág. 483.

opinión. *Id.*, pág. 489. De este modo, por más perniciosa que parezca una opinión, dependemos para su corrección no de la conciencia de los jueces y jurados, sino de la competencia de las ideas". *Id.*

**B. Desestimación bajo la Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado –ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero– a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. Esto es, dicha disposición permite la presentación de una moción de desestimación "cuando de las alegaciones de la demanda se desprende que 'alguna defensa afirmativa derrotará la pretensión de la parte demandante'". *Saint Mary Investmente, LLC v. Denton Morales*, 2026 TSPR 35, 217 DPR ___ (2025) citando a *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023). En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio,** o (6) dejar de acumular una parte indispensable. Rodríguez Vázquez v. Hosp. Auxilio Mutuo, 2025 TSPR 55, *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra*, hace el siguiente planteamiento:

> "**Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así**, **no aduce una reclamación que justifique la concesión de un remedio**, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., Lexis Nexis, 2017, pág. 309. (Citas omitidas) (Énfasis suplido).

Como regla general, el tribunal, al momento de adjudicar una moción de desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.*

En relación con el quinto inciso de esta Regla, sobre el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha expuesto lo siguiente:

> Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. Bajo este criterio, se desestimará una demanda solo si surge que "carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar". Es decir, procede la desestimación si aun interpretando la reclamación de manera liberal no hay remedio alguno disponible en el estado de Derecho. En otras palabras, los tribunales evaluarán "'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".

*Blassino, Reyes v. Reyes Blassino*, supra, pág. 834 (citas omitidas).

Por último, la Regla 10.2 de las de Procedimiento Civil puntualiza que:

> Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.

32 LPRA Ap. V, R. 10.2.

Es decir, el promovente de una moción bajo el quinto inciso de la Regla 10.2 de las de Procedimiento Civil, *supra*, que impugne o derrote la veracidad de los hechos deberá cumplir con todos los requisitos de la solicitud de sentencia sumaria para que esta sea considerada por el tribunal. *Íd.*, R. 10.2 y R. 36.3; véase *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

Expuesto el derecho aplicable, este Tribunal se encuentra en posición para resolver la controversia señalada en el recurso de epígrafe.

**-III-**

Para el apelante, el tribunal primario aplicó indebidamente un estándar probatorio en una etapa procesal incorrecta. Según expuso, este no tenía que demostrar en las alegaciones de su demanda la existencia de "hechos probados" que acreditaran malicia real. Entiende que las alegaciones esbozadas en su reclamo eran factuales y plausibles que, de ser ciertas, se podía inferir malicia real. Asegura que la *Demanda Enmendada* expone hechos concretos que demuestran un desprecio temerario por la verdad. Veamos.

Según discutimos previamente, al evaluar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal debe limitarse a examinar las alegaciones de la demanda, tomar como ciertos los hechos bien alegados y determinar si, bajo cualquier interpretación razonable, estos justifican la concesión de un remedio. Este análisis no permite adjudicar credibilidad ni dirimir controversia de hecho, sino únicamente evaluar la suficiencia jurídica de la reclamación. De manera que, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la referida regla, debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor.

Al examinar las alegaciones de la *Demanda Enmendada* no vemos que los hechos expuestos establezcan una reclamación plausible que justifique la concesión de un remedio. Aun interpretando las alegaciones de la forma más liberal a favor del apelante, de estas no surgen hechos específicos que revelen que la

alegada información difamatoria fue publicada **a sabiendas** de que era falsa o con grave menosprecio de si era falsa o no. *Villanueva v. Hernández Class,* supra. Elemento esencial en una reclamación de difamación por un funcionario público.

Como mencionamos, en estos casos, es indispensable que se establezca con hechos específicos que quien publicó la información falsa lo hizo de manera maliciosa. Por ello, no basta con alegar de forma general que la información era falsa, difamatoria y libelosa, había que exponer con suficiente especificidad hechos que permitieran inferir que la información se publicó con malicia real.

En este caso, el apelante solo se limitó a transcribir las expresiones que emitieron el señor Santarrosa y el señor Ruiz durante el programa "La Comay" el 5 y 9 de octubre de 2023, de las que no surge la malicia real. Mas bien, se trata de expresiones u opiniones retóricas, de crítica social, sobre un asunto de interés público, y que no son accionables. *Garib Bazain v. Clavell,* supra. Vale recordar que la malicia no se presume, sino que debe ser alegada y surgir de hechos específicos. *Id.* No es suficiente reclamar que la publicación fue maliciosa. *Id.*

Por consiguiente, concluimos que no erró el foro de instancia al determinar que la *Demanda Enmendada* carece de hechos suficientes y concretos contra Liberman, que establezcan que las alegadas expresiones se publicaron con malicia real.

**-IV-**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones